BANK OF NEW YORK & TRUST CO., EXECUTOR, ESTATE MARIA CRISTINA MIDENCE FLORES VALENTINE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39037.   Promulgated November 5, 1930.

*Clarence Castimore, Esq.,* for the petitioner.
*Arthur Carnduff, Esq.,* for the respondent.

198

OPINION.

Love: In discussing the contested issues in this case, we desire to discuss, first, the issue of residence, *vel non*, which is involved in assignment of error (b). The term " residence " as contemplated by the tax statutes, so far as we have been able to ascertain, has never been construed, or defined, by an all-inclusive and all-exclusive definition. In fact, it seems that such a definition is impossible. Every case possesses peculiarities different from any other case, and the issue must be decided in the light of the facts peculiar to each case.

One of the fundamental tests to be applied is intention. Under ordinary circumstances, the place of birth is one's first residence. He may abandon that residence, and adopt another if he chooses so to do. Whether in fact, he does so choose to do, no one but himself knows or can know with absolute certainty. We can only have a belief of varying degrees of certainty, after considering that person's declarations, conduct, character, temperament, etc.

The following cases discuss the principles that should be kept in mind when considering the facts of a specific case. *Mitchell* v. *United States*, 21 Wall. 352; *Matter of Newcomb*, 192 N. Y. 358; *Williamson* v. *Osenton*, 232 U. S. 619; *In the Matter of Blumenthal*, 101 Misc. (N. Y.) 83; *In the Matter of Martin*, 173 A. D. (N. Y.) 1; *Adolph Rosenberg*, 2 B. T. A. 720; *Union Trust Co. of Cleveland*, 5 B. T. A. 1272.

Living in a house does not necessarily constitute that house one's legal residence. It may be an evidentiary circumstance requiring explanation, that tends to point out residence, but is by no means conclusive evidence of legal residence.

If credence be given the evidence in this case, and we have no grounds to discount it in the least, the decedent when she left the United States in 1920, did so with the expressed intention of returning in the near future. Circumstances over which she had no control—an estranged husband with some of her money in his possession wandering in Europe in a highly speculative business— forced her to remain beyond her expectations and desire. Her passports all express her purpose in Europe as travel. In her letters to her sister she declared her intention of returning to this country and went so far as to request her sister to arrange for the purchase of a house in California for her to use as her home. She definitely declared to Mr. Davies in 1923 that she intended to return to the United States and live here; that she wanted her daughter reared and educated here, and under the laws of the United States;

she refused to create a Paris trust for her funds she was trying to conserve for her little daughter and insisted on creating a United States trust. In the two trust instruments executed by her and in her will, she described herself as a resident of Washington, D. C. There are no conflicting circumstances in this record, if we may ignore the one fact that she did not return to the United States in what might be termed a reasonable time. In all of her actions and oral expressions she disclosed an attachment to and preference for the United States as a home, and gave reasons for such feelings that would hardly have been expected from a foreign-born person, and would be praiseworthy if they had come from a native-born and reared citizen. We hold that the decedent, at the date of her death, in contemplation of the tax statutes, was a resident of the United States.

We will now discuss, briefly, assignment of error (a), which complains of the action of the Commissioner in including in the gross estate the $77,557.22 created by the trust instrument dated November 4, 1920. It is the contention of petitioner that by reason of the fact that in her will decedent disposed of the assets comprising the corpus of the trust fund exactly in the same way and with the same persons as beneficiaries as provided in the trust instrument, that no title passed by her attempt to exercise the power of appointment which she reserved to herself in the trust instrument, and hence the origin of the title that passed on her death is the trust instrument. In other words, that in so far as the assets comprising those trust funds are concerned, the provisions of the will may be ignored. Petitioner argues that " it is a recognized principle of law in this country that the appointee of a power takes under the original instrument creating the power, and not under the exercise of the power," citing *Matter of Lansing*, 182 N. Y. 238; *Manning* v. *Board of Tax Commissioners*, 40 R. I. 400; *In re Murphy Estate*, 102 Cal. 740, and others.

In the instant case that doctrine is not applicable, and of course the cases cited in support of that doctrine are not applicable here. The cases cited apply where a trust is created by one person, called the donor, granting to another person, called the donee, a power of appointment. In cases where the creator of the trust reserves to himself the control over the final disposition of the corpus of the trust, a different situation exists. Strictly speaking, there is no power of appointment granted—no donor, and no donee. The creator of the trust simply reserves to himself the final disposition of the trust corpus. In such a case, and where a tentative disposition is made of the corpus in the trust instrument, with a reservation of a right to revoke the trust, or finally dispose of that corpus by will or

otherwise, a revocable trust is created; that is the situation we have in the instant case.

The decedent created a revocable trust, reserving to herself the power to dispose of the corpus by will. Whether or not she exercised such right, the power to do so remained to date of death, and by reason of that situation the case is controlled by the decision in the case of *Edward J. Hancy, Executor*, 17 B. T. A. 464, and cases therein cited. See also *Ada M. Slocum, Executrix*, 21 B. T. A. 169.

The value of the corpus of the trust in question should be included in the gross estate of the decedent.

It is unnecessary to decide whether the title to the property passed by virtue of the will or by virtue of the trust instrument.

With reference to assignment of error (c) in respect to funeral expenses, and other items of expense, the Commissioner disallowed them as presented, because he had decided that the decedent was not at the date of her death a resident of the United States. He disallowed the whole amounts because no evidence of the value of property located outside the United States had been furnished as provided for in section 303 (c) of the Revenue Act of 1924.

There was no issue raised in regard to the reasonableness of those expense items, their payment, or their deductibility in whole, in the event it were found and held that decedent was a resident of the United States.

We have herein held that the decedent was a resident of the United States at the date of her death, and hence hold that the expense items listed in the findings should be allowed as deductions from the gross estate.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

MURDOCK concurs in the result only.